IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>**GREGORY GRAVES**<br><br>Petitioner-Defendant. | Crim No. **10-cr-00164-PJM-1** |

**MEMORANDUM OPINION**

Gregory Graves has filed a Motion to Reduce his Sentence pursuant to 28 U.S.C. § 2255. ECF No. 149. No hearing is necessary. *See e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motion.

### I.   Background

On April 12, 2010, Graves was charged in a four-count Indictment for robbing two 7-Eleven convenience stores (Counts 1 & 4) while brandishing a gun as a convicted felon (Counts 2 & 3). *See* ECF No. 1. He was convicted on all four counts and sentenced to a total of 360 months imprisonment. ECF No. 89. The Fourth Circuit affirmed the conviction and sentence. ECF No. 103.

At the time of his initial sentencing Graves had three prior state law convictions for violent felonies and was therefore deemed an armed career criminal under the Armed Career Criminal Act ("ACCA"), subjecting him to § 4B1.1 sentencing enhancements. ECF No. 113 ("PSR") ¶ 65-69. Absent one of these convictions, Graves would not have qualified for the enhancements. And indeed, one year later, on December 18, 2013, the Maryland Court of

Appeals vacated one of these convictions—a 1997 conviction for Use of a Handgun in Commission of a Felony Crime of Violence (1997 conviction). *Graves v. State,* 215 Md. App. 339, 359, 81 A.3d 516, 527 (2013).

Accordingly, on March 18, 2014, Graves filed a Motion to Vacate his 2012 sentence pursuant to 28 U.S.C. § 2255. ECF No. 107.[1] The Court granted his motion, finding that, because of the state court vacatur, Graves could no longer be deemed a Career Criminal and was therefore entitled to be resentenced in accordance with his updated criminal history. ECF No. 139 at 3-4. As such, on January 5, 2022, the Court resentenced Graves to a total of 197 months imprisonment (a 163-month reduction from his original sentence). ECF No. 146.

On April 11, 2022, Graves filed a Motion to (further) Reduce his sentence under 28 U.S.C. § 2255. He asks this Court to resentence him to 184 months (a 13-month reduction from the 197-month sentence imposed on January 2022). He argues that (1) during his resentencing hearing, his criminal history was exaggerated and misrepresented by the Government; (2) he has already served 75 percent of his sentence with only four write-ups and, throughout his incarceration, has participated in rehabilitation programs; (3) several 18 U.S.C. § 3553 factors favor a shorter sentence; and (4) he has a concrete plan to ensure a successful reentry into society. ECF No. 149 at 1-5.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence

---

[1] Graves supplemented and corrected his motion through various filings between 2014 and 2021, *see* ECF Nos. 107-137.

was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255). The petitioner bears the burden of proof and must establish his claim by a preponderance of the evidence. *United States v. Wilson*, No. CR TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing on the motion to vacate, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . ." *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings.

Having reviewed the record, the Court concludes that no hearing is necessary, and Graves is not entitled to relief.

### III. Discussion

A defendant must obtain certification from a "panel of the appropriate court of appeals" before filing a "second or successive" 2255 motion. 28 U.S.C. § 2255(h); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). Without the requisite pre-filing authorization from the Fourth Circuit, the appropriate court of appeals in this case, the "district court lacks jurisdiction to consider" a second or successive 2255 motion. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Nonetheless, just because a subsequent 2255 motion is filed, does not necessarily mean that it should be classified as "second or successive" under 28 U.S.C. § 2255(h). *See United States*

*v. Hairston*, 754 F.3d 258, 261-62 (4th Cir. 2014) (explaining that if "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated," then the numerically second petition should not be considered "second or successive" under § 2255(h)).

The motion before the Court is Graves' numerically second 2255 motion. But not all the facts relied on by Graves in his current motion existed when his first motion was filed and adjudicated. First is his claim that his criminal history was grossly exaggerated and misstated by the Government during his resentencing hearing. ECF No. 149 at 2-3. Obviously, Graves could not have made this allegation in his first 2255 petition because the resentencing hearing had not yet occurred. Since Graves relies on facts that "did not exist when the numerically first motion was filed and adjudicated," the Court will not dismiss this motion on procedural grounds. *Id.* Still, Graves' motion will be denied for lack of merit.

Graves claims that the Government misstated and grossly exaggerated his criminal history, specifically alleging that the Government (1) used the term "firearm" to explain his 2001 Robbery conviction when in fact a BB gun was used during the commission of the felony and (2) told the Court he was convicted of First-Degree Murder when, in reality, he was convicted of a Misdemeanor, Handgun in a Vehicle. ECF No. 149 at 2-3.

A review of the Government's Resentencing Memorandum rebuts Graves' contentions. When detailing Graves' criminal history, the Government cites the Presentencing Report showing "two prior Maryland convictions for robbery with a deadly weapon and one prior state conviction for handgun in vehicle." ECF No. 144 at 7. The Government specifies, as Graves argues it should, that the 2001 Robbery conviction involved a BB gun. ECF No. 144 at 7 n. 3. The Government

does not mention a First-Degree Murder Charge or even an Attempted First-Degree Murder charge. ECF No. 144. In other words, throughout its Resentencing Memorandum, the Government represented Graves' criminal history accurately, not in the manner he asserts in his current motion.

Finally, Graves argues for a sentence reduction because he has already served the majority of his sentence, he has taken efforts to rehabilitate and make concrete plans for his reentry into society, and the sentence no longer satisfies the goals of 18 U.S.C. § 3553. ECF No. 149 1-5. Commendable as his efforts may be, the Court does not have the statutory authority to reduce Graves' sentence on these grounds. In any case, the Court essentially considered these arguments when considering Graves' Resentencing Memorandum. ECF No. 143 at 5-7.

## I.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The Court has considered the record and finds that Graves has not made the requisite showing.

## II. Conclusion

For the foregoing reasons, Graves' Motion to Reduce his Sentence (ECF No. 149) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE**.

Date: November 16, 2022  /s/ Peter J. Messitte

                                                          **PETER J. MESSITTE**
                                            **UNITED STATES DISTRICT JUDGE**